**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:  CASE NO.: 09-05997-BKC
JOHN L. HATHCOCK
and FATINA L. HATHCOCK,
Debtors.
_____/

## CHAPTER 13 PLAN

1. The future earnings or income of the Debtor are submitted to the supervision and control of the Trustee.

2. The total of **$5,066.15** per month for month one (1) through two (2) and **$6,502.34** per month for months three (3) through sixty (60) shall be submitted to the control of the Trustee for administration on behalf of creditors filing allowed claims, for a duration of sixty (60) months, i.e. the "life of the plan", or, alternatively, until all such claims are paid in full.

3. The Trustee shall make the following disbursements from the payments so received:

### A.  PRIORITY CLAIMS

(1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments remitted under the plan.

(2) **Robert W. Elrod P.A.** has a priority claim in the amount of $1,700.00.  The Trustee shall make payments of **$850.00** per month, from payments 1 through 2, in order to satisfy this obligation.

(3) **The Internal Revenue Service** has a priority claim in the amount of $1,797.64. The Trustee shall make payments of **$31.00** per month, from payments 3 through 60, in order to satisfy this obligation.

### B.  SECURED CLAIMS

(1) **Saxon Mortgage** has the mortgage on the Debtor's principal residence. The Trustee shall make the regular monthly payments of **$2,815.46** over the life of the plan, subject to periodic changes in accordance with variations in the prevailing discount rate and/or potential escrow advances paid by this secured creditor. The total arrearage on the mortgage payments is $44,849.69, which includes late charges, reasonable pre-petition attorney's fees, and costs. The Trustee shall pay this creditor **$773.28** per month for months 3 through 60 toward the arrearage to bring the mortgage payments current over the life of the plan.

(2) **HSBC** has the mortgage on property formerly owned by Debtors at 2626 Kenwood Drive E., Jacksonville, FL but for which Debtors still receive rent. The

    Trustee shall make the regular monthly payments of **$884.07** over the life of the plan, subject to periodic changes in accordance with variations in the prevailing discount rate and/or potential escrow advances paid by this secured creditor. The total arrearage on the mortgage payments is $13,295.78, which includes late charges, reasonable pre-petition attorney's fees, and costs. The Trustee shall pay this creditor **$229.24** per month for months 3 through 60 toward the arrearage to bring the mortgage payments current over the life of the plan.

(3) **World Omni Financial Corporation** holds a security interest in the Debtor's 2007 Toyota FJ Cruiser.  The amount owed to this creditor is $31,045.46.  The Trustee shall pay this creditor payments of **$668.01** per month for months 3 through 60, which includes eight percent (8%) interest, in order to satisfy this obligation.

(4) **DaimlerChrysler Financial Services Americas, LLC** holds a security interest in the Debtor's 2000 Freightliner tractor.  The replacement value of this vehicle is $13,975.00.  The Trustee shall pay this creditor payments of **$291.32** per month for months 3 through 60, which includes eight percent (8%) interest, in order to satisfy this obligation.

(5) **Mike Hogan, Tax Collector**, has a security interest in the Debtor's homestead for unpaid property taxes in the amount of $5,565.11.  The Trustee shall pay this creditor **$144.34** per month for months 3 through 60, which includes eighteen percent (18%) interest, in order to satisfy this obligation.

(6) **Wells Fargo Financial Florida, Inc.**, has a security interest in the Debtor's Safe Touch Security System in the amount of $258.00.  The Trustee shall pay this creditor **$5.38** per month for months 3 through 60, which includes eight percent (8%) interest, in order to satisfy this obligation.

(7) All secured creditors will retain their liens, pursuant to 11 U.S.C. 1325(a)(B)(i).

## C.  UNSECURED CLAIMS

(1) Unsecured creditors, including those secured creditors having deficiency claims or whose liens have been avoided, shall receive distribution on a pro-rata basis. The Trustee shall distribute **$10.00** per month for months 1-60 to those unsecured creditors whose claims are timely filed and allowed.

## D.  GENERAL PROVISIONS

(1) The Debtor does not reject any executory contracts.

(2) Title to all property in the estate shall re-vest in the Debtor upon confirmation of this plan.

(3) Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorneys' fees will be paid to or accessible by any creditor. 11 U.S.C. Section 1327(a) provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

(4) Any claim filed after the last date to file claims, shall receive no distribution under this plan unless specifically provided for above.  This shall not apply to claims

    filed by Debtor. The Debtor reserves the right to object to claims after the confirmation of the Plan, whether the claims are filed before or after the confirmation of the Plan.

(5) Once the Debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEYS' FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.  Further, upon successful completion of the Plan, the Debtor's mortgage balance shall be deemed current as a matter of law.

**DATED:  August 5, 2009**  /s/ Robert W. Elrod, Jr.
**ROBERT W. ELROD, JR.**
Florida Bar No.: 184446
233 East Bay Street
1032 Blackstone Building
Jacksonville, Florida 32202
(904) 356-1282/Fax:356-6268
Attorney for Debtors